

# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELO A. GONZALES #114052** | **CIVIL ACTION** |
| **versus** | **NO. 05-0331** |
| **TIM WILKINSON, WARDEN** | **SECTION: "J" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).



Petitioner, Angelo A. Gonzales, is a state prisoner incarcerated at the Washington Correctional Institute, Angie, Louisiana.  On October 18, 2001, he pled guilty to two counts of attempted second degree murder in violation of La.Rev.Stat.Ann. § 14:(27)30.1 and one count of possession of a weapon by a convicted felon in violation of La.Rev.Stat.Ann. § 14:95.1.[2]  On that same date, he was sentenced on each count to a term of fifteen years imprisonment, without benefit of parole, probation, or suspension of sentence, with credit for time served and with the sentences to run concurrently.[3]

On December 2, 2001, petitioner filed with the state district court a motion for reconsideration of sentence.[4]  On January 24, 2002, the court found that it was necessary to review the transcript to evaluate petitioner's claim.  The Court then ordered that a copy of the transcript be provided to petitioner and that he refile his motion with the transcript attached.[5]  The transcript was mailed to petitioner on May 30, 2002.[6]

---

[2] State Rec., Vol. I of II, transcript of October 18, 2001, pp. 4-12; State Rec., Vol. I of II, minute entry dated October 18, 2001; State Rec., Vol. I of II, acknowledgment and waiver of rights form.

[3] State Rec., Vol. I of II, transcript of October 18, 2001, pp. 12-13; State Rec., Vol. I of II, minute entries dated October 18, 2001.

[4] State Rec., Vol. I of II.

[5] State Rec., Vol. I of II, Order dated January 24, 2002.

[6] State Rec., Vol. I of II, letter to petitioner from P. Corespo dated May 30, 2002.

On July 22, 2002, petitioner filed with the state district court an application for post-conviction relief.[7] That application was denied on January 23, 2003.[8] On April 4, 2003, petitioner sent a letter to the state district court regarding his post-conviction application.[9] The court construed that letter as a motion and denied it as repetitive on April 9, 2003.[10]

On July 21, 2003, petitioner filed with the state district court a motion to vacate and/or correct an illegal sentence.[11] That application was denied on July 28, 2003.[12] He next filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory and/or remedial writ of review which was denied on October 1, 2003.[13] He then filed with the Louisiana Supreme Court a petition for a writ of certiorari and/or remedial writ of review[14] which was denied on December 10, 2004.[15]

---

[7] State Rec., Vol. I of II.

[8] State Rec., Vol. I of II, Order dated January 23, 2003.

[9] State Rec., Vol. I of II.

[10] State Rec., Vol. I of II, Order dated April 9, 2003.

[11] State Rec., Vol. I of II.

[12] State Rec., Vol. I of II, Order dated July 28, 2003.

[13] State ex rel. Gonzales v. State, No. 03-KH-1155 (La. App. 5th Cir. Oct. 1, 2003) (unpublished); State Rec., Vol. I of II.

[14] State Rec., Vol. II of II.

[15] State ex rel. Gonzales v. State, 888 So.2d 825 (La. 2004) (No. 2003-KH-3087); State Rec., Vol. II of II.

On January 28, 2005, petitioner filed this federal application for *habeas corpus* relief.[16]  In support of his application, petitioner asserts the following claims:

1.  Petitioner was denied effective assistance of counsel;

2.  The trial court erred in failing to provide petitioner with a Spanish interpreter;

3.  The trial court erred in failing to order a sanity hearing;

4.  Petitioner's sentence is unlawful because he was made to plead guilty under coercion and threats by the assistant district attorney; and

5.  Petitioner's guilty plea was involuntary because he was not advised on the mandatory minimum sentence he faced.

The state argues that petitioner's federal application is untimely.[17]  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes

---

[16]  Rec. Doc. 4.

[17]  Rec. Doc. 9.  The state alternative argues that petitioner has failed to exhaust his state court remedies with respect to one claim he presents and, accordingly, his application should be dismissed as a mixed petition.  In that petitioner's federal application is indeed untimely, the Court need not reach that alternative argument.

"final."[18]  Under the AEDPA, a judgment is considered "final" upon the expiration of time for

seeking direct review.  28 U.S.C. § 2244(d)(1)(A).

      As noted, on October 18, 2001, petitioner pled guilty and was sentenced.  Because

he did not file a direct appeal within the five days allowed by state law, his convictions and sentences

became final no later than October 25, 2001.[19]  Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A),

the period that petitioner had to file his application for federal *habeas corpus* relief commenced on

that date and expired one year later, unless that deadline was extended through tolling.

      The AEDPA's statute of limitations can be tolled through either statutory or equitable

tolling.  Statutory tolling, which is based on 28 U.S.C. §2244(d)(2), tolls the statute of limitations

for the period of time during which a properly filed application for state post-conviction relief or

other collateral review attacking a conviction or sentence is pending in state court.  Additionally, the

United States Fifth Circuit Court of Appeals has held that the statute of limitations can, in rare and

exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.

---

[18]  Although § 2244(d)(1) has alternative provisions providing for other events which can trigger
the commencement of the statute of limitations, those alternative provisions are inapplicable in the
instant case.

[19]  See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final
upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's
conviction in 2001, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not
including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence.
In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain
circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays.
La.Rev.Stat.Ann. § 1:55(A).  In 2001, October 20 was a Saturday and October 21 was a Sunday;
therefore, out of an abundance of caution, this Court will not count those two days against petitioner
when calculating the date his conviction became final.

1998).[20]  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Accordingly, this Court must determine whether petitioner's federal filing deadline should be extended due to either statutory or equitable tolling.

Petitioner's first post-conviction filing was his "Motion for Reconsideration of Sentence" filed on December 2, 2001.  The state argues that petitioner is entitled to no tolling credit for that motion because it was not "properly filed."  In that motion, petitioner sought relief pursuant to La.C.Cr.P. art. 881.1.  However, as the state notes, in felony cases, such a motion must be filed "within thirty days following the imposition of sentence or within such longer period as the trial court set at sentence ...."  La.C.Cr.P. art. 881.1(A)(1).  In the instant case, petitioner did not file his motion within thirty days and the trial court did not extend that filing deadline at sentencing.  Accordingly, as the state correctly argues, that motion was untimely under state law.  An untimely application is not "properly filed" and, therefore, entitles a petitioner to no tolling credit.  Pace v. DiGuglielmo, ___ U.S. ___, ___, 125 S.Ct. 1807, 1812-14 (2005).

However, after two hundred sixty-nine (269) days of his one-year period had elapsed, petitioner did properly file a state post-conviction application on July 22, 2002, which would entitle

---

[20]  The United States Supreme Court has never expressly decided whether the AEDPA's statute of limitations can be equitable tolled.  See Pace v. DiGuglielmo, ___ U.S. ___, ___, 125 S.Ct. 1807, 1814 n.8 (2005) (2005).

- 6 -

him to statutory tolling.  The trial court denied that application on January 23, 2003, and statutory tolling ceased thirty days later, when petitioner's time expired for seeking review of that denial.[21]

However, in a letter to the Clerk of Court dated March 1, 2003, and filed on April 4, 2003, petitioner indicated that he had never received a ruling on his post-conviction application.[22] On April 9, 2003, the trial court treated that filing as a motion and denied it as repetitive, informing petitioner that his original application had been denied on January 23, 2003.[23]  Because it appears that petitioner never received notice of the original denial and that he diligently inquired about the status of his application, the Court finds that he should be granted equitable tolling for the period of time between the date of the actual denial of his application and April 9, 2003, when he was informed of that denial.  See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), *modified on partial reh'g on other grounds*, 223 F.3d 797 (5th Cir. 2000).  Additionally, because the trial court treated petitioner's letter as a post-conviction motion and denied it as repetitive, the undersigned would further recommend that petitioner be granted statutory tolling from the date that letter was filed through May 9, 2003, when his time expired for seeking review of that denial on April 9, 2003.[24]

---

[21] When an application is denied, tolling continues until expiration of the period for seeking appellate review.  See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 770 (5th Cir. 2004).  In Louisiana, a litigant has thirty days to file a writ application with an intermediate court of appeal.  See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404 (5th Cir. 2001).

[22] State Rec., Vol. I of II.

[23] State Rec., Vol. I of II, Order dated April 9, 2003.

[24] See *supra* note 21.

- 7 -

Accordingly, through the above combination of statutory and equitable tolling, the Court finds that petitioner's statute of limitations was tolled from July 22, 2002, through May 9, 2003. Further because two hundred sixty-nine (269) days of his one-year period had elapsed prior to the tolling, at that point he had only ninety-six (96) days of the statute of limitations remaining.

After an additional seventy-two (72) days of the one-year period elapsed,[25] petitioner again tolled the statute of limitations on July 21, 2003, by filing a motion to vacate and/or correct an illegal sentence with the state district court.[26] Tolling continued throughout the related appellate

---

[25] Petitioner attached to his federal application a copy of a writ of mandamus he had filed with the Louisiana Fifth Circuit Court of Appeal regarding the alleged failure of the state district court to rule on his post-conviction application. The mandamus application was denied as moot on May 5, 2003. State ex rel. Gonzales v. 24th Judicial District Court, No. 03-KH-519 (La. App. 5th Cir. May 5, 2003) (unpublished); State Rec., Vol. I of II. However, petitioner is not entitled to any tolling credit for the mandamus application or the period for seeking review of its denial. See Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002).

The Court also notes that on May 19, 2003, petitioner filed with the state district court a "Motion and/or Application for Written Opinion" in which he requested a copy of the January 23 ruling on his post-conviction application. State Rec., Vol. I of II. On May 22, 2003, the trial court construed that motion as a notice of intent to seek writs and denied it as untimely filed. State Rec., Vol. I of II, Order of May 22, 2003. That motion, which simply requested a copy of a document, likewise would not entitle petitioner to tolling credit. See Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001). To the extent that it was, as it was construed, an untimely notice of intent to seek writs, a petitioner is entitled to no tolling credit for an untimely filing. Pace v. DiGuglielmo, ___ U.S. ___, ___, 125 S.Ct. 1807, 1812-14 (2005). Furthermore, even if petitioner were granted tolling for the four-day period from the time his motion was filed until it was denied, his federal application would still be untimely.

[26] State Rec., Vol. I of II.

court proceedings until the Louisiana Supreme Court issued its denial on December 10, 2004.[27] See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769 (5th Cir. 2004).

At that point, petitioner had only twenty-four (24) days of his one-year period remaining. Accordingly, unless he was entitled to further tolling, his federal application had to be filed no later than January 3, 2005. However, from December 10, 2004, through January 3, 2005, petitioner had no other applications for post-conviction relief or other collateral review pending before the state courts so as to entitle him to further statutory tolling. Additionally, this Court knows of no reason that would support further equitable tolling of the statute of limitations. Because petitioner's federal application was filed no earlier than January 28, 2005,[28] more than three weeks after the expiration of the statute of limitations, it is therefore untimely.[29]

---

[27] State ex rel. Gonzales v. State, 888 So.2d 825 (La. 2004) (No. 2003-KH-3087); State Rec., Vol. II of II.

[28] Petitioner dated his federal application January 28, 2005. Rec. Doc. 4. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem the habeas petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[29] Although petitioner missed the AEDPA's filing deadline by only a matter of weeks, the Court expressly notes that fact does not justify equitable tolling. In Lookingbill v. Cockrell, 293 F.3d 256 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals refused to equitably toll the statute of limitations on the basis that petitioner had filed only four days too late, holding:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

Id. at 264-65.

- 9 -

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Angelo A. Gonzales be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of February, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**